# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

No. 05-1097                                  September Term, 2012

EPA-70FR15993
EPA-70FR28606
EPA-71FR33388

**Filed On:** December 19, 2012

State of New Jersey, et al.,

       Petitioners

    v.

Environmental Protection Agency,

       Respondent

------------------------------

Utility Air Regulatory Group, et al.,
         Intervenors
------------------------------
Consolidated with 05-1104, 05-1116,
05-1118, 05-1158, 05-1159, 05-1160,
05-1162, 05-1163, 05-1164, 05-1167,
05-1174, 05-1175, 05-1176, 05-1183,
05-1189, 05-1263, 05-1267, 05-1270,
05-1271, 05-1275, 05-1277, 06-1211,
06-1220, 06-1231, 06-1287, 06-1291,
06-1293, 06-1294

      **BEFORE:**    Rogers, Tatel, and Brown, Circuit Judges

## O R D E R

Upon consideration of Tribal petitioners' petition for panel rehearing, it is

**ORDERED** that the petition be denied. It is

**FURTHER ORDERED** that the opinion in _New Jersey v. EPA_, 687 F.3d 386 (D.C. Cir. 2012) (per curiam) be amended as follows:

(1) Pages 390-91, delete the paragraph beginning with "_Intervention motion_: . . ." and insert in lieu thereof the following paragraph:

_____

**No. 05-1097**                                        **September Term, 2012**

*Intervention motion*: Movants request fees for 35 hours of partner time spent on their ultimately unopposed motion to intervene. Urging us to award compensation for only 15 hours, EPA insists that Movants' request is excessive for an unopposed motion and that the work should have been done by attorneys billing at lower rates. We agree partly with EPA and partly with Movants. Contrary to EPA, the fact that the motion was ultimately unopposed is not dispositive because the lack of opposition was unforeseeable at the time the motion to intervene was filed. *See API*, 72 F.3d at 912 ("It is not necessary that a fee-petitioning client and its attorney have acted with the 20/20 acuity of hindsight in developing their arguments in order to collect attorneys' fees."). In his declaration, Tribal Intervenors' counsel states that he asked EPA counsel whether the agency would oppose the Tribes' motion to intervene, and counsel "indicated that the United States would not be in a position to make a decision regarding the motion until after it was filed." Kanji Reply Decl. ¶ 32. EPA does not challenge this representation. With regard to EPA's second point, Movants explain that their law firm, Kanji & Katzen, used a partner for the motion because the associates were "extremely busy." Kanji Reply Decl. ¶ 33. This justification is entirely unacceptable. Indeed, we suspect that had the firm been charging a private client for these hours, it would have billed the partner time at the hourly rate of the "extremely busy" associates. The taxpayers are surely entitled to the same courtesy. Accordingly, we shall award compensation of 25 hours, the midpoint between what the parties each believe was the value of the work performed.

(2) Page 393, line 27, delete the number "355.95" and insert in lieu thereof the number "365.95."

(3) Page 393, line 29, delete the amount "$108,609.24" and insert in lieu thereof the amount "$111,660.49."

It is

**FURTHER ORDERED** that the order filed July 20, 2012, which accompanied the opinion, be amended to reflect that the costs awarded to movants are $111,660.49.

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY:    /s/
Michael C. McGrail
Deputy Clerk